Dear Representative Strong:
This is in response to your request for an official legal opinion of this office pursuant to § 27.040, RSMo 1978, based upon the following questions:
 Several state employees holding positions in state government created by statute are required to devote `full-time' or their `entire time' to their official duties. See § 216.110 and § 216.290, RSMo 1978 as examples. There are hundreds of other examples throughout the statutes.
 1. As used in the aforementioned statutes does the requirement to devote `full-time' or words of similar import implicitly require that such state officials or employees not hold any outside employment of any nature nor receive consideration for any service rendered?
 2. In the alternative and again as used in the aforementioned statutes does the requirement to devote `full-time' simply imply that the official or employee must devote approximately forty hours per week in his employment and not pursue other full-time employment?
 3. Can a chaplain employed at the Missouri Intermediate Reformatory pursue part-time employment as a pastor of a church? See § 216.290 RSMo.
 4. Does § 216.290 RSMo violate the United States Constitutional guarantee of protection for religious freedom or freedom of speech in respect to the prohibition against serving as a pastor of a church?
Section 216.110, RSMo, to which you refer provides in part:
 1. The chief administrative officer of the division of corrections shall be the director of the division of corrections. . . .
* * *
 4. The director shall devote his entire time to his official duties.
Section 216.290, RSMo, to which you refer provides in part:
 The [state penitentiary and intermediate reformatory institution] chaplains shall:
 (1) Devote their entire time to the work of the institutions and shall not regularly officiate in the capacity of minister or clergyman outside the institutions to which they are assigned;
In answer to your first and second questions, we enclose a copy of Attorney General Opinion 130-1966, which is self-explanatory.
In answer to your third question, we believe it is evident that the legislature in § 216.290 has prohibited such chaplains from regularly officiating in the capacity of minister or clergyman outside of the institutions to which they are assigned.
In answer to your fourth question, it is clear that the constitutionality of a statute is presumed. It is the policy of this office not to issue opinions regarding the constitutionality of a statute unless the statute is clearly in violation of a constitutional provision. We see no clear violation of a constitutional provision with respect to such statutory prohibition.
Very truly yours,
 JOHN ASHCROFT Attorney General
Enc: Atty. Gen. Op. No. 130 Sloan, 3/22/66